# 23-7840

## United States Court of Appeals
## for the Second Circuit



DOCTOR NADER KREIT,

*Plaintiff-Appellant,*

-against-

BYBLOS BANK S.A.L.,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK (NEW YORK CITY)

## BRIEF FOR PLAINTIFF-APPELLANT

THE LAW OFFICE OF BARRY E. JANAY, P.C.
*Attorneys for Plaintiff-Appendix*
90 Broad Street, 25th Floor
New York, New York 10004
(844) 562-3572
*bjanay@lobej.com*



# **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES ................................................................. *ii*

JURISDICTIONAL STATEMENT ......................................................1

PRELIMINARY STATEMENT ...........................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ...................................3

FACTUAL BACKGROUND ................................................................3

PROCEDURAL HISTORY .................................................................4

SUMMARY OF THE ARGUMENT ....................................................5

ARGUMENT ....................................................................................6

I.     THE DISTRICT COURT ERRED BY NOT GRANTING
       JURISDICTIONAL DISCOVERY. .........................................6

       A.   STANDARD OF REVIEW ...........................................6

       B.   DR. KREIT IS ENTITLED TO JURISDICTIONAL
            DISCOVERY ...............................................................6

II.    THE DISTRICT COURT PREMATURELY GRANTED BYBLOS
       BANK'S MOTION TO DISMISS. ...........................................12

       A.   STANDARD OF REVIEW ...........................................12

       B.   BYBLOS BANK'S MOTION TO DISMISS IS PREMATURE .........12

CONCLUSION ...............................................................................15

CERTIFICATE OF SERVICE ..........................................................16

CERTIFICATE OF COMPLIANCE ...................................................17

# <u>TABLE OF AUTHORITIES</u>

**<u>*Cases*</u>** **<u>*Page(s)*</u>**

<u>*798 Tremont Holding LLC v. Wefile LLC*</u>,
   78 MISC. 3d 1226(A), 186 N.Y.S.3d 819 (N.Y. Sup. Ct. 2023)............................8

<u>*A. I. Trade Fin. v. Petra Bank*</u>,
   989 F.2d 76, 79-80 (2d Cir. 1993)......................................................12

<u>*Allojet PLC v. Vantage Assocs.*</u>,
   No. 04-CV-5223, 2005 WL 612848, at *7 (S.D.N.Y. Mar. 15, 2005) ..................6

<u>*Arch Trading Corp. v. Republic of Ecuador*</u>,
   839 F.3d 193, 206 (2d Cir. 2016) ............................................................6

<u>*Ayyash v. Bank Al-Madina*</u>,
   No. 04 Civ. 9201 (GEL), 2006 WL 587342, at *5 (S.D.N.Y. Mar. 9, 2006) ........6

<u>*BGC Partners, Inc. v. Avison Young (Canada) Inc.*</u>,
   5 N.Y.S.3d 327 (N.Y. Sup. Ct. 2014) ......................................................6

<u>*Bitar v Bank of Beirut S.A.L*</u>
   [2022] EWHC 2163 (QB) ....................................................................4

<u>*Byblos Bank Eur., S.A. v. Sekerbank, Turk Anonym Syrketi*</u>,
   10 N.Y.3d 243, 885 N.E.2d 191 (2008) ..................................................10

<u>*Byblos Bank Europe v. Sekerbank Turk Anonym Syrketi*</u>,
   40 A.D.3d 497 (N.Y. App. Div. 2007)......................................................8

<u>*D & R Glob. Selections, S.L. v. Bodega Olegario Pineiro*</u>,
   29 N.Y.3d 292, 297 (N.Y. 2017) .........................................................13

<u>*Daou v. BLC Bank, S.A.L.*</u>,
   42 F.4th 120 (2d Cir. 2022) ................................................2, 4, 5, 7, 13

<u>*Eades v. Kennedy, PC Law Offices*</u>,
   799 F.3d 161, 168 (2d Cir. 2015) ..........................................................9

*Kamen v. American Tel. & Tel. Co.*,
    791 F.2d 1006, 1011 (2d Cir. 1986) ........................................................7

*Khalifeh v Blom Bank SAL*
    [2021] EWHC 3399 (QB) ........................................................................4

*Lenzi v. L.L. Bean, Inc.*,
    No. 23-CV-06117-FPG, at *9 (W.D.N.Y. Nov. 28, 2023) ....................7

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    732 F.3d 161, 168 (2d Cir. 2013) ..........................................................9

*Licci v. Lebanese Canadian Bank, SAL*,
    20 N.Y.3d 327 (N.Y. 2012) ..................................................................13

*Manoukian v Societe Generale De Banque Au Liban SAL*
    *and Bank Audi SAL*
    [2022] EWHC 669 (QB) ........................................................................4

*Mills 2011 LLC v. Synovus Bank*,
    921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013) ...........................................6

*Mitsubishi UFJ Investor Services & Banking (Luxembourg) S.A. v. Byblos*
    *Bank S.A.L.*,
    Docket No.:653915/2022 ......................................................................10

*Peterson v. Spartan Indus., Inc.*,
    33 N.Y.2d 463 (N.Y. 1974) ...................................................................8

*Pillow v. Bechtel Const., Inc.*,
    201 F.3d 1348, 1351 (11th Cir. 2000) ..................................................12

*Roth v. CitiMortgage Inc.*,
    756 F.3d 178 (2d Cir. 2014) .................................................................12

*Stratagem Dev. Corp. v. Heron Int'l N.V.*,
    153 F.R.D. 535, 547-48 (S.D.N.Y. 1994)..............................................6

*Talbot v. Johnson Newspaper Corporation*,
    71 N.Y.2d 827, 522 N.E.2d 1027 (1988) .............................................14

iii

*Winston & Strawn, v. Dong Won Sec. Co.,*
  No. 02 CIV.0183 (RWS), 2002 WL 31444625,
  at *5 (S.D.N.Y. Nov. 1, 2002) ................................................................. 9

*Yellow Page Sols., Inc. v. Bell Atl. Yellow Pages Co.,*
  No. 00-CIV-5663, 2001 WL 1468168, at *1 (S.D.N.Y. Nov. 19, 2001) .............. 12

**Statutes/Regulations/Miscellaneous**

28 U.S.C. § 1291 ....................................................................................... 1

28 U.S.C. § 1332(a)(2) .............................................................................. 1

C.P.L.R. 302 ............................................................................................. 13

C.P.L.R. 302(a)(1) ............................................................................. 1, 8, 13

C.P.L.R 3211(a)(8) .................................................................................... 6

C.P.L.R 3211(d) ........................................................................................ 6

FED. R. CIV. P. 4(a)(2) .............................................................................. 1

Fed. R. Civ. P. 12(b)(2) ....................................................................... 2, 5, 12

Fed. R. Civ. P. 12(b)(6) ....................................................................... 2, 5, 12

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2), because the Appellant, Dr. Nader Kreit, is a U.S. citizen domiciled in the State of Texas, and Appellee, Byblos Bank S.A.L., is a corporate citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

The district court had personal jurisdiction over this action under N.Y. C.P.L.R. § 302(a)(1) and the United States Constitution, because Dr. Kreit's cause of action arises from Byblos bank's transaction of business in New York.

Dr. Kreit timely filed their notice of appeal on November 21, 2023, under FED. R. CIV. P. 4(a)(2). This court has jurisdiction under 28 U.S.C. § 1291 because the appeal is from the district court's final order dismissing the action without prejudice.

## PRELIMINARY STATEMENT

Dr. Nader Kreit ("Dr. Kreit") sued Byblos Bank S.A.L. ("Byblos") for breach of contract, conversion, violations of the Uniform Voidable Transactions Act, violations of the Uniform Fraudulent Conveyances Act, intent to defraud to recover money he deposited with Byblos Bank and that have been wrongfully withheld since December 2019. Dr. Kreit also moved for a writ of attachment.

Byblos moved before the trial court to dismiss the claim for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and (6). Byblos's motion relief chiefly on the Second Circuit's ruling in *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120 (2d Cir. 2022) – which held that jurisdiction cannot be based only on maintaining correspondent accounts in New York.

Here, Dr. Kreit's claims are distinct from *Daou.* Dr. Kreit has provided expert Affidavits from a highly regarded Lebanese attorney and an experienced finance expert with a focus on international banking transactions; these experts proved that an articulable nexus and substantial relationship exists between the business transaction and the claim asserted. But even if they did not accomplish proof, Dr. Kreit's expert testimony and allegations well-known show that Dr. Kreit had the right to limited jurisdictional discovery to follow the path of Dr. Kreit's money to and from Byblos. Dr. Kreit, supported by his experts, showed it was likely to prove what is apparent, that a factual articulable nexus exists between the claims and forum.

On October 22, 2023, the district court denied Dr. Kreit's request for jurisdictional discovery and concurrently granted Byblos's motion to dismiss Dr. Kreit's cause of action. This appeal follows.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Did the district court abuse its discretion by finding that Dr. Kreit was not entitled to jurisdictional discovery where Dr. Kreit made a sufficient start in proving jurisdiction?

2. Did the district court err in granting Byblos Bank's motion to dismiss?

## FACTUAL BACKGROUND

Dr. Kreit a dual citizen of the United States and Syria, lives in Texas. In 2011, Dr. Kreit opened financial accounts with Byblos Bank Syria, funded through a wire transfer from Wells Fargo to Byblos bank's correspondent banking account in New York. Around one year later, because of political uncertainty, Dr. Kreit moved his Byblos bank Syria accounts to Byblos bank Lebanon. Lebanon offered interest rates about ten times (10x) greater than those in the United States during the same period. From the start of the accounts, Dr. Kreit received monthly statements outlining principal and accrued interest.

Dr. Kreit reported his foreign interest income for United States Federal and State tax filings. Between November 13, 2015, and July 5, 2018, Dr. Kreit transferred $4,825,000 from his Wells Fargo account to Byblos bank's correspondent bank account in New York. (J.A. at 13). In 2019, Lebanon faced a severe financial and political crisis resulting in a run on the banks, and hyperinflation. The nation's currency, the Lebanese Lira has lost about ninety-five

percent (95%) of its value since 2019. Dr. Kreit has demanded Byblos return his deposited money, exceeding twenty million dollars ($20,000,000.00) in deposits back from Byblos bank. (J.A. at 11). To date, Defendant refuses to transfer any funds back to Dr. Kreit.

As noted by the district court, New York Courts have relied on *Daou* to dismiss claims against Lebanese Banks for lack of jurisdiction because the maintenance of a correspondent account by itself, without more, is not enough to show jurisdiction. Dr. Kreit has corrected the mistakes made by past litigants and has made a sufficient jurisdictional showing which entitled him to jurisdictional discovery.[1]

## **PROCEDURAL HISTORY**

Dr. Kreit entrusted his funds with Defendant Byblos Bank S.A.L., due to their longstanding business relationship. When Byblos refused to return his deposits Dr. Kreit turned to federal courts for relief. On December 12, 2022, Dr. Kreit along with filing his Complaint, moved for an attachment. After oral argument on February 23, 2023, an attachment was denied for lack of jurisdiction.

---

[1] Similarly situated depositors on nearly identical facts in the United Kingdom and Europe have provided relief from Lebanese banks illegally withholding depositors funds. The High Court in the United Kingdom in *Bitar v Bank of Beirut S.A.L* [2022] EWHC 2163 (QB), *Khalifeh v Blom Bank SAL* [2021] EWHC 3399 (QB) and *Manoukian v Societe Generale De Banque Au Liban SAL and Bank Audi SAL* [2022] EWHC 669 (QB) held under almost identical circumstances that the bank was unable to discharge its debt in Lebanon, and that the amounts owed to depositors was due by international bank transfer.

Dr. Kreit submitted letter motions on March 22, 2023, and July 28, 2023, to compel jurisdictional discovery, the trial court alluded to it considering jurisdictional discovery on March 28, 2023. On June 29, 2023, Byblos moved to dismiss Dr. Kreit's complaint under Fed. R. Civ. P. 12(b)(2) and (6). Dr. Kreit opposed the motion and once again asked for jurisdictional discovery on August 18, 2023.

The district court did not adequately consider Dr. Kreit's pleadings and instead instinctively followed the holding in *Daou.* The district court determined that it did not have jurisdiction over Byblos and denied jurisdictional discovery. Dr. Kreit then filed a timely notice of appeal.

## <u>SUMMARY OF THE ARGUMENT</u>

This circuit has recognized that New York lets a litigant conduct jurisdictional discovery when the plaintiff shows of jurisdiction on the face of the pleadings or upon showing a "sufficient start."

Dr. Kreit's pleadings and experts have proven that his argument that the district court had jurisdiction is not frivolous and jurisdictional discovery is justified. From necessity, Dr. Kreit should have been allowed that limited discovery before the district court ruling on Byblos bank's motion. By not granting jurisdictional discovery and prematurely ruling on Byblos's motion, the district court abused its discretion.

**ARGUMENT**

## I.   THE DISTRICT COURT ERRED BY NOT GRANTING JURISDICTIONAL DISCOVERY.

### A. STANDARD OF REVIEW

The Second Circuit has held that the standard of review for a district court's denial of jurisdictional discovery is abuse of discretion. *See* Arch Trading Corp. v. Republic of Ecuador, 839 F.3d 193, 206 (2d Cir. 2016).

### B. DR. KREIT IS ENTITLED TO JURISDICTIONAL DISCOVERY.

"In opposition to a motion to dismiss under CPLR 3211(a)(8), a Plaintiff is not required to make a prima facie showing of jurisdiction, but need only make a "sufficient start," showing its position "not to be frivolous."" BGC Partners, Inc. v. Avison Young (Canada) Inc., 5 N.Y.S.3d 327 (N.Y. Sup. Ct. 2014). Jurisdictional discovery is proper where a Plaintiff has made at least a "sufficient start" to show standing and jurisdiction. *See* Mills 2011 LLC v. Synovus Bank, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013).[2] "Courts have required the party asserting jurisdiction

---

[2] See, e.g., Allojet PLC v. Vantage Assocs., No. 04-CV-5223, 2005 WL 612848, at *7 (S.D.N.Y. Mar. 15, 2005) (permitting discovery because Plaintiff "has made a sufficient start toward establishing that there is general jurisdiction and has shown a reasonable basis for the Court to assume jurisdiction"). Stratagem Dev. Corp. v. Heron Int'l N.V., 153 F.R.D. 535, 547-48 (S.D.N.Y. 1994) (granting discovery and stating that "the Court has discretion to order further discovery on the jurisdictional issue, provided that Plaintiffs make a threshold showing of jurisdiction and establish that their position is not frivolous"). Ayyash v. Bank Al-Madina, No. 04 Civ. 9201 (GEL), 2006 WL 587342, at *5 (S.D.N.Y. Mar. 9, 2006) (allowing jurisdictional discovery where Plaintiff "made a sufficient start" toward establishing jurisdiction, "though not a *prima facie* showing". *See also* C.P.L.R 3211(d).

be permitted discovery of facts demonstrating jurisdiction, at least where the facts are peculiarly within the knowledge of the opposing party." Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986). See also Lenzi v. L.L. Bean, Inc., No. 23-CV-06117-FPG, at *9 (W.D.N.Y. Nov. 28, 2023).

Contrary to the district court's finding, Dr. Kreit through his pleadings and expert affidavits made prima facie showing of jurisdiction. The district court relied on *Daou* and determined that the mere use of correspondent bank accounts in the forum state without more was insufficient to establish jurisdiction over Byblos. However, Dr. Kreit did not rely merely on the maintenance of a correspondent account. Rather, jurisdiction is alleged to be proper due to the undeniably deliberate and continuous contacts Byblos had with the forum state. Rather than being coincidental Byblos bank's activities in New York (including loan facilities they obtained from BNY Mellon) were necessary links in the chain of events that harmed Dr. Kreit. Dr. Kreit's money flowed both in and out of Byblos' New York correspondent accounts. Byblos required Dr. Kreit's money and other depositors to facilitate daily banking activities. It is not just hypothetical that the money could take a different path; it is unfounded speculation to cover the most obvious conclusion – Byblos required a New York bank to facilitate transactions.

In the alternative, even if Dr. Kreit did not make prima facie showing that jurisdiction was proper, Dr. Kreit still made a "sufficient start" and should have

been granted jurisdictional discovery. "A Plaintiff demonstrates a sufficient start by establishing that there is an issue as to jurisdiction that cannot be resolved absent further discovery on that issue" 798 Tremont Holding LLC v. Wefile LLC, 78 MISC. 3d 1226(A), 186 N.Y.S.3d 819 (N.Y. Sup. Ct. 2023). *See* also Peterson v. Spartan Indus., Inc., 33 N.Y.2d 463 (N.Y. 1974). Dr. Kreit by letter motion on March 22, 2023, and July 28, 2023, asked for jurisdictional discovery arguing that Byblos was the only party that had the documents and communications necessary to prove jurisdiction.

Dr. Kreit asked for discovery of (1) the funds in correspondent bank accounts (general banking practices dictate that all U.S. deposits remain in the United States), (2) the defendant's acts of soliciting investments in New York, (3) the defendant's purposeful invocation of New York Court's jurisdiction based in its use of its headquartered in New York for private loans. (J.A. at 159-60). *See also* Byblos Bank Europe v. Sekerbank Turk Anonym Syrketi, 40 A.D.3d 497 (N.Y. App. Div. 2007).[3] *See also* (Byblos Bank S.A.L. entered into a loan agreement to borrow $300,000,000 from Bank of New York Mellon). (J.A. at 159). The discovery request was particularly targeted to address the question of jurisdiction and address the second prong of N.Y. C.P.L.R. 302(a)(1), "the claim

---

[3] Byblos Bank Europe upon information and belief is a wholly owned subsidiary and under total control of Byblos, brought an attachment action in New York.

asserted must arise from that business activity." Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015) (quoting Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 168 (2d Cir. 2013)).

Dr. Kreit first requested jurisdictional discovery on March 22, 2023. (J.A. at 65-68). The motion was denied, citing that jurisdictional discovery would be presented in connection with and part of the opposition to the motion to dismiss submitted by Byblos. (J.A. at 69-70). Dr. Kreit asked for limited jurisdictional discovery again during its Opposition to Byblos' Motion to Dismiss and in a Motion to Reargue (J.A. 147-70). Dr. Kreit correctly argued that Byblos bank should not be allowed to avoid jurisdiction by state, off-hand, and conclusory assertions that jurisdiction is improper- while evading New York law provisions of jurisdictional discovery for just this purpose. (J.A 147-70) *See also* Winston & Strawn, v. Dong Won Sec. Co., No. 02 CIV.0183 (RWS), 2002 WL 31444625, at *5 (S.D.N.Y. Nov. 1, 2002) (denying motion to dismiss and stating that "[p]re-motion discovery should be permitted where the facts necessary to establish personal jurisdiction and propriety of venue lie exclusively within the defendant's knowledge").

The expert affidavits Dr. Kreit provided the court were from a Lebanese legal expert and an international banking and trade finance expert who unmistakeably drew the nexus between the activities in the forum and Dr. Kreit's

9

claims. (J.A. 183-88, 193-220). As it stands, Dr. Kreit's funds are still in New York under the expert affidavit and the Byblos continues to hold out its correspondent banking relationship in New York to garner legitimacy. (J.A. 183-88). The contacts necessary to maintain the account are not accidental but continuous and ongoing as well as subject to state and federal regulation and oversight. (J.A. 183-88). Dr. Kreit's funds in New York, which are being wrongfully withheld, would require Defendant to communicate from Lebanon into New York to facilitate the transaction or transfer; the funds that can recompense Dr. Kreit and would have to go through New York to do so. (J.A. 183-88).

Byblos routinely enjoys New York law. Byblos invokes New York's jurisdiction when the forum is convenient for its needs. See Byblos Bank Eur., S.A. v. Sekerbank, Turk Anonym Syrketi, 10 N.Y.3d 243, 885 N.E.2d 191 (2008). Byblos also maintains a continuous presence in New York through its critical relationship with Bank of New York Mellon ("BNY"), who is Byblos bank's third-largest shareholder.  BNY loaned Byblos over three hundred million dollars ($300,000,000.00) to help the defendant with outstanding obligations. See Mitsubishi UFJ Investor Services & Banking (Luxembourg) S.A. v. Byblos Bank S.A.L., Docket No.:653915/2022, *pending*.

Byblos is exclusively in possession of the discovery required to show specific transactions that would avail Byblos to jurisdiction in New York. Byblos

solely has Dr. Kreit's bank statements and transaction records as Dr. Kreit lost access when Byblos closed his account and access to the online portal. Byblos also has access to internal communications, advertising efforts to New York residents, and evidence of the transactions showing the trial of Dr. Kreit's funds. Since December 2019, Byblos and other Lebanese banks have not attracted United States dollar deposits due to inflation and political unrest. Byblos has continued to transfer money, issue letters of credit, acquire real estate in New York, trade on financial exchanges, buy precious metals, made a myriad of other types of conveyances and marketed its services to foreign investors. Based on all facts before the district court, limited discovery will show that Byblos has used Dr. Kreit's funds in whole or in part to continue its operations in New York which have been directly harmful to Dr. Kreit.

The foregoing factors favor discovery. Pertinently, the amount in controversy exceeds twenty-five million ($25,000,000), Lebanon is not a suitable forum to collect Dr. Kreit's deposits and Byblos is the only party with access to information to support Dr. Kreit's claim. Wherefore, the district court judge abused its discretion, this court should remand, and Dr. Kreit should be granted limited jurisdictional discovery.

## II.    THE DISTRICT COURT PREMATURELY GRANTED BYBLOS BANK'S MOTION TO DISMISS.

A. STANDARD OF REVIEW

The Second Circuit has held that the standard of review for a Rule 12(b)(6) and 12(b)(2) motion to dismiss are *de novo*. *See generally* Roth v. CitiMortgage Inc., 756 F.3d 178 (2d Cir. 2014). *See also* Pillow v. Bechtel Const., Inc., 201 F.3d 1348, 1351 (11th Cir. 2000). The district court granted the motion to dismiss on jurisdictional grounds. (J.A. at 226-240).

B. BYBLOS BANK'S MOTION TO DISMISS IS PREMATURE

Jurisdiction is a threshold inquiry, and Dr. Kreit bears the burden of showing that the court has jurisdiction over Byblos. A motion to dismiss under Rule 12(b)(2) based on lack of personal jurisdiction is "inherently a matter requiring the resolution of factual issues outside of the pleadings" and therefore "all pertinent documentation submitted by the parties may be considered in deciding the motion." Yellow Page Sols., Inc. v. Bell Atl. Yellow Pages Co., No. 00-CIV-5663, 2001 WL 1468168, at *1 (S.D.N.Y. Nov. 19, 2001). "Where the issue [of jurisdiction] is addressed on affidavits, all allegations are *construed in the light most favorable to the Plaintiff* (emphasis added) and doubts are resolved in the Plaintiff's favor, notwithstanding a controverting presentation by the moving party." A. I. Trade Fin. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

Here, Dr. Kreit moved under N.Y. C.P.L.R. §302 to show specific personal jurisdiction. Specific personal jurisdiction exists when the defendant purposefully availed itself of "the privilege of conducting activities within the forum State" by either transacting business in New York or contracting to supply goods or services in New York (*Id.*). Second, the claim must arise from that business transaction or from the contract to supply goods or services." D & R Glob. Selections, S.L. v. Bodega Olegario Pineiro, 29 N.Y.3d 292, 297 (N.Y. 2017). A non-domiciliary defendant transacts business when on their own accord, the non-domiciliary projects themselves into New York to engage in sustain and substantial business transactions. Here, the district court held that Byblos bank's actions of moving U.S. dollar deposits in and out of Lebanon satisfied the first prong of N.Y. C.P.L.R. 302(a)(1). (J.A. at 233). New York's long-arm statute "is a 'single act statute,'" and "proof of one transaction in New York is sufficient to invoke jurisdiction, even if the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Daou 42 F.4th at 129 (2d Cir. 2022).

Moreover, there must be an "articulable nexus" or "substantial relationship" with the defendant's transaction of business in New York as determined by the court in Licci v. Lebanese Canadian Bank, SAL, 20 N.Y.3d 327 (N.Y. 2012). At

the very least, there must be "a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim. This inquiry is "relatively permissive," and an articulable nexus or substantial relationship exists "where at least one element arises from the New York contacts rather than "every element of the cause of action pleaded." Still, the nexus is insufficient where the relationship between the claim and transaction is "too attenuated" or merely coincidental. Talbot v. Johnson Newspaper Corporation, 71 N.Y.2d 827, 522 N.E.2d 1027 (1988).

Here, Dr. Kreit's funds remain in New York. (J.A. at 198). Byblos breached the Terms and Conditions of the banking agreement when Byblos converted Dr. Kreit's U.S. dollars, which remain in New York, into Lebanese Lira without Dr. Kreit's consent. Byblos unilaterally violating the depositor agreement terminated Dr. Kreit's financial accounts and issued Dr. Kreit worthless checks in Lebanese Lira. (J.A. at 197). Similarly, Lebanese Courts have held under Article 221 COC, that depositor who deposits U.S. dollars with a bank is entitled to recover their deposit in the same currency. (J.A. at 207). Byblos continues to use Dr. Kreit's ill-gotten U.S. funds in New York to bring about money transfers, issue letters of credit, acquire real estate in New York State, trade on the financial exchanges, the purchase and sale of precious metal in New York, advertisements to foreign investors, conducting transactions to provide financial support through

correspondent banks to students, and the acquisition of vaccines and medical equipment during the Covid-19 pandemic. (J.A. at 158).

## <u>CONCLUSION</u>

Dr. Kreit has the right to jurisdictional discovery and the district court's dismissal for lack of jurisdiction should be reversed and remanded with appropriate instruction for limited discovery.

Dated: March 2, 2024
     New York, New York

<div style="margin-left:40%;">

Respectfully Submitted,

By: _____

THE LAW OFFICE OF
BARRY E. JANAY, P.C.
Attorneys for Plaintiff-Appendix
90 Broad Street, 25th Floor
New York, New York 10004
(844) 562-3572
bjanay@lobej.com

</div>

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 4, 2024, this brief was filed electronically with the Clerk of the Court for the United States Court of Appeals for the Second Circuit through the Court's CM/ECF system. I certify that all participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: March 4, 2024

_____
Barry E. Janay, Esq.

## **CERTIFICATE OF COMPLIANCE**

This brief follows the word limit of Local Rule 32.1(a)(4)(A) because,

excluding the parts exempted by Fed. R. App. R. 32(f), this brief has 3290 words.

This brief also follows the typeface requirements of Fed. R. App. P. 32 (a)(5) and

the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been

prepared in a proportionally spaced typeface using Microsoft Word in 14-point

Times New Roman font.


Dated: March 4, 2024

_____
Barry E. Janay, Esq.